IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        CRIMINAL ACTION NO. 2:05-cr-00217-02

GORDON FACEMYER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the United States's Motion for Reconsideration of this Court's Order of Specific Performance of Plea Agreement [Docket 109]. The United States claims that the court decided to grant specific performance based on defendant's assertion that the United States promised to forego the filing of the § 851 Information. The United States argues that no evidence exists indicating a promise to forego the filing of the § 851 Information and attempts to distinguish this case from cases ordering specific performance where the prosecution either violated express terms or acted in bad faith.

The United States's characterization of my ruling misstates the true reasoning behind the decision. I granted specific performance based on the plea agreement itself. The plea agreement, signed by both parties, set forth minimum and maximum penalties. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S.

257, 261 (1971). The United States's attempt to impose minimum and maximum penalties inconsistent with the penalties set forth in the plea agreement violated the signed agreement.

While the parties did not specifically agree that the government would forego the filing of the § 851 Information, the parties did agree that the defendant would be subject only to the penalties set forth in the plea agreement, which represents the agreement I found enforceable. Thus, I ordered specific performance of the plea agreement based on its express written terms. I **DENY** the motion to reconsider.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

                ENTER:      April 28, 2006

                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE